## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| DAMON D. JOHNSON, Reg. No. 511106, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4078-CV-C-NKL |
| | ) | |
| STATE OF MISSOURI SUPREME COURT | ) | |
| JUSTICES, et al., | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff Damon D. Johnson, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as defendants are the State of Missouri Supreme Court Justices, Chief Justice Michael Wolff, Judge David W. Shinn, Assistant Prosecuting Attorney Amy McGowan and Special Public Defender Cindy Short.

Plaintiff claims defendants violated his constitutional rights in conjunction with an appeal of a state criminal matter arising in 1994 through 1998.

Although plaintiff has paid the filing fee in full and is not requesting leave to proceed in forma pauperis, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

Plaintiff's claims should be dismissed. Individual judges are immune from civil suit when acting within their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Patten v. Glaser, 771 F.2d 1178, 1179 (8th Cir. 1985) (per curiam) and Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Further, in Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), the Supreme Court stated that a prosecutor is absolutely immune from a suit for damages under 42 U.S.C. § 1983 for alleged civil rights violations committed in initiating the prosecution and presentation of the state's case. The Court stated:

> If a prosecutor had only a qualified immunity, the threat of section 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

Id. at 424-25 (citations omitted). See also Burns v. Reed, 500 U.S. 478 (1991). Thus, immunity for performance of inherently prosecutorial functions is not defeated by allegations of improper motivation such as malice or vindictiveness. See Myers v. Morris, 810 F.2d 1437 (8th Cir. 1987).

In addition, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The requirement that a defendant has acted "under color of state law" is a jurisdictional requisite for a section 1983 action. Polk County v. Dodson, 454 U.S. 312, 315 (1981).

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. When representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of section 1983 because he "is not acting on behalf of the State; he is the State's adversary." Id. at 323 n.13.

2

Moreover, plaintiff's claims should be dismissed because judgment in his favor would "necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. Heck, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (i.e., necessarily implies that the denial of good-time credits was invalid), the claim is not cognizable under 42 U.S.C. § 1983. Edwards v. Balisok, 520 U.S. 641, 646 (1997).

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

3

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 8th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge