# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| DAMON D. JOHNSON, Reg. No. 511106, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-4078-CV-C-NKL |
| STATE OF MISSOURI SUPREME COURT JUSTICES, et al., | ) |
| Defendants. | ) |

## ORDER

On June 8, 2007, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on June 28, 2007. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff's claims seeking damages against defendants Missouri Supreme Court Justices, Chief Justice Wolff, Judge David W. Shinn, and Assistant Prosecuting Attorney Amy McGowan are barred by the immunity of these defendants, and claims against defendant Special Public Defender Cindy Short are barred because she is not a state actor, and therefore, cannot be liable under 42 U.S.C. § 1983.

To the extent plaintiff seeks injunctive and declaratory relief, these allegations also fail to state a claim on which relief may be granted under section 1983.

First, contrary to plaintiff's assertions, injunctive relief is not available "against a judicial officer for an act or omission taken in such officer's judicial capacity, . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff has made no such allegations in this case.

Second, as set forth above, public defenders are not state actors for purposes of section 1983 civil actions, and therefore, plaintiff has no claim against defendant Special Public Defender Cindy Short irrelevant to the type of relief sought.

Third, the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), advised federal courts against interfering with state criminal prosecutions. The possible unconstitutionality of a state statute or rule does not itself justify federal intervention. Id. at 54. Federal district courts lack jurisdiction to review state court judgments or claims which are "inextricably intertwined" with claims adjudicated in state court. Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). "A claim is inextricably intertwined . . . if it succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested . . . would effectively reverse the state decision or void its ruling." Fielder, 188 F.3d at 1034-35. It does not matter whether a reversal of the state court is accomplished directly or indirectly. Id. at 1035. Further, a federal court has no jurisdiction to amend a state court judgment based on defenses the losing party failed to raise. Id. Only if the claim under federal law is "separable from and collateral to the merits of the state-court judgment" does a federal district court have jurisdiction. Id. at 1034 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 21 (1987)).

Plaintiff's claims seeking injunctive and declaratory relief based on allegations that Missouri Court Rules 24.035 and 29.07, and the application of such rules by the defendants in this case caused him to be denied the right to appeal his criminal guilty plea and conviction in Missouri state courts in violation of his constitutional due process rights, are claims which are inextricably intertwined with plaintiff's state criminal proceedings. Although, as plaintiff asserts, he may not be directly challenging his criminal conviction, he is, in fact, challenging the denial of his appeal for such conviction, and seeks a reversal of the denial. Plaintiff seeks a federal court order directing the state court to allow the filing of his out-of-time appeal of his state criminal conviction. The application of the Missouri Court Rules to and the denial of plaintiff's appeal of his criminal conviction cannot be separated from the merits of plaintiff's criminal appeal, and are an indirect challenge to plaintiff's state court criminal conviction. This court cannot properly review these claims in federal court under 42 U.S.C. § 1983. Plaintiff has ample avenues to challenge the denial of his criminal conviction appeal in the Missouri state courts and his claims in the federal courts may be brought under a federal habeas petition. See Heck v. Humphrey, 512 U.S. 477 (1994).

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of June 8, 2007 is adopted. [3] It is further

ORDERED that plaintiff's claims are dismissed, without prejudice, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

NANETTE K. LAUGHREY
United States District Judge

Dated: 9-21-07
Jefferson City, Missouri

3